# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

DAVID BURSEY                                                    PETITIONER

v.                                                              No. 1:11CV175-D-A

CIRCUIT COURT OF LOWNDES COUNTY                                 RESPONDENT

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of David Bursey for a writ of *habeas corpus* under 28 U.S.C. § 2241. The State seeks dismissal of the petition for failure to state a constitutional claim. Bursey has not responded, and the time to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the petition dismissed for failure to state a claim upon which relief could be granted.

### Facts and Procedural Posture

David Bursey seeks *habeas corpus* relief under 28 U.S.C. § 2254, which provides in part:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of *habeas* corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in *violation of the Constitution or laws or treaties of the United States.*

28 U.S.C. § 2254 (a) (emphasis added).

On October 27, 2010, Bursey was indicted in Lowndes County, Mississippi, for one count of burglary of a dwelling and two counts of possession of a firearm by a previously convicted felon. Bursey is set to stand trial for these charges (Circuit Court Cause No. 2010-0455-CRI) on May 30, 2012, as there was a continuance ordered by Judge James Kitchens on March 1, 2012, because the "court was involved in a trial on another matter."

On August 10, 2011, Bursey filed the instant federal petition for a writ of *habeas corpus* in which he requested "any relief to which petitioner may be entitled." At the time of filing, Bursey had been convicted and sentenced and, as such, was not yet a State inmate but a "pre-trial detainee" in the custody of the county. As such, the present petition correctly falls under 28 U.S.C. § 2241. A pre-trial detainee has a right to seek federal *habeas corpus* relief. In *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-489, 93 S.Ct. 1123 (1973). "[F]ederal *habeas corpus* does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id.* at 489. A petition may not disrupt "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493. Indeed, "an important distinction [exists] between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle,* 530 F.2d at 1280, 1283 (5th Cir. 1976). A prisoner who seeks *habeas corpus* relief generally asks for one of two things:

> [dismissal of] an indictment or [prevention of] a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. *While the former objective is normally not attainable through federal habeas corpus*, the latter is, although the requirement of exhaustion of state remedies still must be met.

*Id.* (emphasis added). "In other words, a federal court may generally consider a *habeas* petition for pretrial relief from a state court only when the accused does not seek a dismissal of the state court charges pending against him." *Greer v. St. Tammany Parish Jail,* 693 F. Supp. 502, 508 (E.D. La. 1988). In this case, Bursey is attempting to prevent the prosecution of his case. He

-2-

seeks to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes." *Brown,* 530 F.2d at 1282-83; *Braden,* 410 U.S. at 489.

Though his petition is poorly worded, Bursey complains of a "major loss of the enjoyment of life and the petitioner also believes that his liberty is being deprived without due process of law" and asks for "any relief to which petitioner may be entitled." ECF, doc. 1. To the extent that Bursey requests to have the charge dismissed, federal *habeas corpus* is not available for such a request, *Brown,* 530 F.2d at 1283, unless he can prove that "special circumstances" exist warranting such relief. *See Dickerson,* 816 F.2d at 227 (citations omitted). The Sixth Amendment right to a speedy trial, by itself, is not such a special circumstance. In the instant petition, Bursey does not specifically argue "special circumstances" to warrant disruption of the state's judicial process. Therefore, as to a claim that Bursey seeks federal intervention in a state criminal proceeding, the instant petition should be dismissed with prejudice for failure to state a claim upon which *habeas corpus* relief may be granted.[1]

On the other hand, if Bursey intended to compel the State to go to trial, he has not provided the state courts with a fair opportunity to address this claim. At the time of filing, Bursey was set to go to trial on May 30, 2012. In *Braden,* the Supreme Court held that the defendant was entitled to raise his speedy trial claim through a federal *habeas corpus* petition because he had adequately exhausted his claim, stating:

> He has made repeated demands for trial to the courts of Kentucky, offering those courts an opportunity to consider on the merits his constitutional claim of the

---

[1] According to the Mississippi Department of Corrections website, Bursey has since been convicted on the charge that he was a felon in possession of a firearm and is currently serving a six-year sentence on that charge. As such, Bursey's request to proceed to trial can also be dismissed as moot.

present denial of a speedy trial. Under these circumstances it is clear that he has exhausted all available state court remedies for consideration of that constitutional claim, even though Kentucky has not yet brought him to trial.

*See Braden*, 410 U.S. at 490. The Fifth Circuit has also acknowledged this exhaustion requirement, noting:

> Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or *by other state procedures available to the petitioner. See, e.g., Braden,* 410 U.S. at 489-92, 93 S.Ct. at 1126-28; *Ex parte Royall,* 117 U.S. 241, 250-54, 6 S.Ct. 734, 739-41, 29 L.Ed. 868, 871-72 (1886); *Brown v. Estelle,* 530 F.2d 1280, 1283 (5th Cir.1976). *See also Atkins v. Michigan,* 644 F.2d 543, 546 (6th Cir.), *cert. denied,* 452 U.S. 964, 101 S.Ct. 3115, 69 L.Ed.2d 975 (1981); *Neville v. Cavanagh,* 611 F.2d 673, 675 (7th Cir.1979), *cert. denied,* 446 U.S. 908, 100 S.Ct. 1834, 64 L.Ed.2d 260 (1980); *Moore v. DeYoung,* 515 F.2d 437, 442 (3rd Cir.1975).

*Dickerson v. State*, 816 F.2d 220, 225 (5th Cir. 1987)(emphasis added). Under Mississippi law, a defendant may not appeal the denial of a speedy trial claim prior to trial. *De La Beckwith v. State,* 6115 So.2d 1134 (Miss. 1992) (citing *U.S. v. MacDonald,* 435 U.S. 850, 98 S.Ct. 1547 (1978). As such, any claim alleging the deprivation of Bursey's constitutional right to a speedy trial should be exhausted in the state court after a trial and raised in a post-trial federal *habeas corpus* action under 28 U.S.C. §2254. It is yet not ripe for review by this court.

For these reasons, the instant petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 will be dismissed. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 18th day of October, 2012.

/s/ Glen H. Davidson
SENIOR JUDGE